BLANCHARD, J.[1]
¶1 In this small claims action, landlord Ray Peterson appeals the circuit court's award of a money judgment to tenant Julie Chuilli. I affirm.
¶2 In December 2017, Chuilli filed a claim against Peterson for $ 9,706, plus reasonable costs and attorney's fees. Summarizing, the complaint alleged that Peterson allowed Chuilli to sign a lease for her and her children to move into a space in a building owned by Peterson that had a natural gas leak and elevated carbon monoxide levels, and which had never been "inspected, or approved, for safety and habitability by the Town of Christiana." Chuilli alleged various forms of damage.[2]
¶3 The court held a de novo hearing on June 14, 2018. However, Peterson has ordered only a partial transcript of the proceedings and therefore I have only a partial understanding of the evidence presented to the circuit court.
¶4 In making its ruling at the conclusion of the hearing, the court characterized Peterson's defense as follows: that Peterson "had no knowledge of the defects and [he] immediately repaired them when [he] did have knowledge of the defects." The court rejected this argument on multiple grounds and proceeded to provide support for elements of the money judgment.
¶5 I affirm for three, independent reasons. First, Peterson, representing himself on appeal, has filed a brief that is largely incoherent. I reject as undeveloped whatever argument or arguments he intends to make. See State v. Pettit , 171 Wis. 2d 627, 647, 492 N.W.2d 633 (Ct. App. 1992) (to address the appellant's arguments, appellate court would have to develop them, and "[w]e cannot serve both as advocate and judge"). Severe deficiencies include but are not limited to the following: failure to cite to pertinent portions of the record; failure to provide a clear explanation on any topic, much less any clearly articulated legal argument; and failure to cite pertinent legal authority or explain his sporadic references to various landlord tenant statutes and regulations. Peterson makes fragmentary references to recognizable topics (e.g. , suggesting that the court erred in awarding rent abatement and that the court "unjustly rejected his defense of compliance"), but completely fails to develop anything resembling a legal argument, based on pertinent portions of the record and the applicable law.
¶6 Second, as best I can determine, I cannot resolve whatever argument or arguments Peterson intends to make without a complete transcript of the de novo hearing. As Chuilli points out, appellants are responsible for ensuring that appellate records are complete. When they fail to do so on an issue that they raise " 'we must assume that the missing material supports the trial court's ruling.' " See State v. McAttee , 2001 WI App 262, ¶5 n.1, 248 Wis. 2d 865, 637 N.W.2d 774 (quoted source omitted). At least without providing an explanation as to how the partial transcript could be adequate to support whatever argument or arguments he intends to make, Peterson cannot carry his burden to demonstrate that the circuit court erred or erroneously exercised its discretion.
¶7 Third, Peterson fails to file a reply brief after Chuilli asserts that Peterson has not raised clear arguments for consideration on appeal, and also after Chuilli presents detailed, developed arguments that Peterson cannot prevail based on an incomplete record and that Peterson raises at least one new argument not presented to the circuit court. I see no good reason not to treat Peterson's silence on these topics as concessions. See Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp. , 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979) (arguments that are not refuted on appeal may be deemed to be conceded).
By the Court. -Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(a) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

The $ 9,706 damages claim was broken down into the following categories: $ 6,175 as a rent abatement of 95 percent for "illegal and unsafe apartment for June, July, August, September, and October, doubled under Wisconsin law"; $ 1,300 as a return of the security deposit, "doubled under Wisconsin law"; $ 231 for reimbursement of medical expenses; $ 2,000 as "[r]eimbursement for death of family dog and loss of companionship.